[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12100
_____

D.C. No. 1:16-cv-20194-DPG

LYNN MCCULLOUGH, et al.,

Plaintiffs-Appellees,

versus

AIG INSURANCE HONG KONG LIMITED,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 28, 2020)

Before WILSON, NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

This is an appeal challenging a district court decision that relied entirely on our decision in Outokumpu Stainless USA, LLC v. Converteam SAS, 902 F.3d 1316 (11th Cir. 2018). Our decision involved contracts containing an identical arbitration clause between a steel manufacturing plant and a general contractor providing, inter alia, for the manufacture and supply of certain motors. The contracts were each signed by those two parties. A subcontractor of the general contractor actually manufactured and supplied the motors. The subcontractor did not sign the contracts containing the arbitration clause. The steel plant sued the subcontractor after the motors failed. The subcontractor sought to enforce the arbitration agreement. The contracts containing the arbitration clause were subject to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"). The Eleventh Circuit held that the non-signatory subcontractor could not compel arbitration. We held that the New York Convention required that the parties actually sign the agreement containing the arbitration clause. Id. at 1326. We held that the non-signatory subcontractor could not rely on domestic equitable estoppel doctrines to enforce the arbitration agreement as a non-signatory because equitable estoppel doctrines conflict with the New York Convention's signatory requirement. Id. at 1326–27.

The instant case, like <u>Outokumpu</u>, presents the issue of whether and under what circumstances a non-signatory is bound by an agreement to arbitrate. We write only for the parties, who are fully familiar with the relevant facts. We note here only that Plaintiffs Lynn and William McCullough (the "McCulloughs") are injured third parties who sought tort damages against the "Rain Forest defendants," and who now claim that AIG Insurance Hong Kong Limited ("AIG") insured one or more of such defendants and failed in good faith to settle. The McCulloughs settled with the Rain Forest defendants, and now sue AIG, as Florida law allows, for breach of its duty to its insureds to exercise good faith to settle the case within its policy limits and protect its insureds against excess judgment. AIG sought to compel the non-signatory McCulloughs to arbitrate pursuant to the policy provisions binding on AIG and the Rain Forest defendants.

As noted above, the district court relied entirely on our decision in <u>Outokumpu</u> in declining to grant AIG's motion to compel arbitration. Thus, the district court did not address AIG's argument that applicable equitable doctrines permitted enforcement of the arbitration agreement against the non-signatory McCulloughs.

However, after the district court decision in this case, and after the briefing on appeal, the Supreme Court in <u>GE Energy Power Conversion France SAS, Corp.</u> <u>v. Outokumpu Stainless USA, LLC</u>, reversed our decision. ___ U.S. ___, 140 S.

Ct. 1637 (June 1, 2020).  Contrary to the Eleventh Circuit decision, the Supreme Court held that nothing in the New York Convention conflicts with the application of relevant equitable doctrines.  Accordingly, the Court reversed the judgment of the Eleventh Circuit and remanded for further proceedings with respect to such doctrines.

Consistent with that Supreme Court ruling, we also vacate the judgment of the district court and remand for further proceedings not inconsistent with this opinion or the opinion of the Supreme Court in Outokumpu.[1]

VACATED and REMANDED.

---

[1]    We understand that the issue of coverage must also be determined on remand, as well as possibly other issues.